## TESTIMONY OF PHYSICIAN AS TO HIS DIRECTIONS BEING CARRIED OUT.

Circuit Court of Cuyahoga County.

CLIFFORD WARD v. THE CLEVELAND ELECTRIC RAILWAY COMPANY.

Decided, November 18, 1903.

*Expert Evidence—Hearsay.*

A doctor can not testify that a hypodermic injection was given from the fact that he directed a nurse to give it and was told that it had been given.

*Hart, Canfield & Croke,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

In this proceeding in error a reversal is sought of the judgment rendered upon a verdict for the defendant in an action for damages for personal injuries alleged to have been sustained by the plaintiff in error while a passenger on one of the cars of the defendant in error, and through the latter's negligence. The sole defense relied upon was malingering, and the logic of the verdict is that the plaintiff sustained no injury whatever.

Among other errors complained of is the refusal of the court to exclude a part of the testimony of Dr. Carl V. Schneider, a witness on behalf of the defendant, who testified as follows, at pages 180 and 181 of the bill of exceptions:

"Re-Direct Examination by Mr. Boyle.
"Q.   Tell us something about this sterile hypo, what is that? A. Simply a sterile hot water.
"Q.   And medical property about sterilized hot water more than any other?   A. No, sir.
"Q.   What object did you have in prescribing sterilized water for him?   A. I prescribe sterilized water when a patient is apparently in pain without any cause.
"Q.   That was given by hypodermic syringe?   A. Yes, sir.
"Q.   What part of the body?   A. The nurse probably gave it in the arms.

"Q. What effect did the sterilized or distilled water have on the patient? A. Quieted the patient.

"Q. What conclusion did you arrive at when he had been uneasy before, and after that went to sleep? A. I naturally came to the conclusion that the pain was imaginary.

"Re-Cross Examination by Mr. Hart.

"Q. Doctor, did you give this hypodermic injection? A. No, sir.

"Q. Did you see it given? A. No, sir.

"Q. Then you don't know whether it was given? A. Yes, sir, I do.

"Q. Then you don't know only what somebody told you? A. Yes, sir."

Plaintiff moves that the testimony of the witness as to the administration of the hypodermic injection be excluded and withdrawn from the record. Motion overruled; to which plaintiff then and there excepted.

This motion should have been granted. The evidence objected to was clearly shown to be mere hearsay, and was, therefore, incompetent; inasmuch as it·bore directly upon the main issue of the case, it could not fail to influence the jury in a manner highly prejudicial to the plaintiff.

For this error, and this alone, judgment of the court of common pleas is reversed, and the cause remanded for a new trial.